## W. L. DUNN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15184. Promulgated November 6, 1928.

*Thomas R. Dempsey, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

## OPINION.

MARQUETTE: It is now claimed by the petitioners that in computing the net income of W. L. Dunn for the year 1920 there should be deducted the amount of $16,132.40 as a loss sustained by Dunn in endorsing the notes of the Dunn-Canterbury Motor Co. and subsequently taking over its assets, and the amount of $938.99 on account of the debt due Dunn from the company.

We are unable to agree with the petitioner that Dunn was entitled to deduct any amount in computing his net income for 1920 as a result of the transaction in question. The conveyance to him of the partnership assets was either what it purported to be, a sale of the assets in consideration of the assumption by him of the partnership debts, or in the nature of an assignment for the benefit of creditors, or to indemnify Dunn for the amounts he might be called upon to pay on the notes he had endorsed. If it was a sale the cost of the assets to Dunn was the amount of liabilities he assumed, and any gain or loss from the purchase was not realized or sustained until he sold or otherwise disposed of the assets. If the conveyance was in the nature of an assignment for the benefit of creditors or to indemnify Dunn, he sustained no loss until he disposed of the assets

and ascertained the amount by which the obligations he might be required to pay exceeded the amount realized from the assets. The book value of the assets is not conclusive of their actual cash value, and it is not inconceivable that Dunn might have realized sufficient money from their sale to meet the obligations he assumed. In fact the record fails to show that he did not.

*Judgment will be entered for the respondent.*